IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Isiah James Jr.; and George Lee Tomlin, | ) | C/A No.: 1:13-1936-TLW-SVH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of | ) | |
| Corrections, SCDC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  Isiah James Jr. and George Lee Tomlin ("Plaintiffs"), two state prisoners proceeding pro se, originally filed this matter in the Court of Common Pleas for Greenville County, South Carolina. [Entry #1-1]. The South Carolina Department of Corrections ("Defendant") filed a notice of removal on July 15, 2013, that purports to remove the action. [Entry #1]. This matter comes before the court on the motions of Plaintiff James seeking remand to state court. [Entries #11, #17]. Defendant's response deadline has passed and the motions are, therefore, ripe for disposition. Also before the court are Plaintiff Tomlin's motions to compel [Entry #19] and for extension of time [Entry #22].

  Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, it is recommended that the court grant the motions to remand to the Court of Common Pleas for Greenville County, South Carolina, and deny the remaining motions as moot.

I.     Factual and Procedural Background

In Plaintiffs' state court complaint, Plaintiff James alleges: (1) a denial of earned work credits [Entry #1-1 at ¶¶ 1–5]; (2) an unconstitutional prison disciplinary conviction [*id.* at ¶ 5]; (3) unconstitutional prison policies regarding earned work credits [*id.* at ¶ 5–6], work release laws [*id.* at ¶ 9], and parole hearing procedures [*id.* at ¶ 13]; (4) unconstitutional prison conditions [*id.* at ¶ 10]; (5) a state court judgment against Defendant that should be enforced [*id.* at ¶¶ 7–8];  and (6) claims under the South Carolina Freedom of Information Act ("SCFOIA") [*id.* at ¶¶ 13, 15, 16].  In addition to monetary damages, Plaintiff James seeks expungement of the challenged prison disciplinary conviction, restoration of good time credits, a declaration that he is "work release eligible," and enforcement of the state court judgment against Defendant.  [*Id.* at ¶¶8, 9; *see also Id.* at 5].

Plaintiff Tomlin alleges the issuance of a state court judgment against Defendant on November 23, 2010, associated with a wage retention case.  [*Id.* at ¶ 7].  Plaintiff Tomlin also asserts a violation of his rights associated with parole hearings.  [*Id.* at ¶ 13].  This Plaintiff seeks monetary damages [*id.* at 5] and enforcement of the alleged state court judgment in the wage retention case.  [*Id.* at ¶ 8].

On July 26, 2013, Plaintiff James filed a motion to remand this case to state court. [Entry #11].  The motion appeared to indicate that Plaintiff James intended to pursue only state law causes of action in this case.  *Id.*  Because Plaintiff Tomlin did not sign the motion, the court issued an order directing both Plaintiffs to indicate whether they intend to raise federal claims in this case, and whether they desire remand of this case to state

2

court.  [Entry #15].  On August 22, 2013, Plaintiff James filed a second motion for remand stating that his causes of action are pursued under the laws and constitution of South Carolina.  [Entry #17].  Answers to Plaintiff James' interrogatories also indicate that he intends to rely solely on state law in asserting his claims in the present action, and that he desires remand of the case to state court.  [Entry #18].  Plaintiff Tomlin's answers to the court's special interrogatories indicate that he intends to assert federal claims in this case and does not seek remand of the action to state court.  [Entry #20].  Defendant did not file a response to either of Plaintiff James' motions to remand the case to state court.

II.    Discussion

    A.    Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).  There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court.  At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority.  *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992).  Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive.  *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).  In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation

has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

> B.    Analysis

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court, if the state court action could have been originally filed there. *See Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). The removing defendant has the burden of establishing subject-matter jurisdiction, *Mulcahey v. Columbia Organic Chemicals. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994), and a district court may sua sponte remand a case to state court if federal jurisdiction is lacking. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (internal citations omitted). In addition, "[r]emoval statutes must be strictly construed against removal," *Scott v. Greiner*, 858 F. Supp. 607, 610 (S.D.W. Va. 1994),

4

and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008); *Mulcahey*, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").

It is well settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (discussing the well-pleaded complaint rule). Further, a plaintiff may avoid federal jurisdiction by exclusively relying on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). In the present case, Plaintiffs' amended state court complaint references the United States Constitution. [Entry #1-1 at ¶¶5, 10]. However, Plaintiff James has filed two motions for remand of this case to state court and special interrogatories indicating that he brings all of his claims solely under the laws and constitution of South Carolina. [Entry #'s 11, 17, 18]. "In response to a motion to remand, Defendant has the burden of establishing that removal was proper." *No Regrets Properties, Inc. v. Neighborhood Sports Pub Concepts, Inc.*, C/A No. 6:10-1024-JMC, 2011 WL 2294195, at *1 (D.S.C. June 8, 2011) (citing *Mulcahey*, 29 F.3d at 151). In this case, Defendant failed to file a response in opposition to either of Plaintiff James' motions.

While it is unclear whether Plaintiff James mistakenly referenced the United States Constitution in his state court complaint, or decided to abandon his federal claims, the court is not divested of subject-matter jurisdiction in this case. *See Harless*, 389 F.3d

5

at 448 (holding post-removal amendment of a complaint to eliminate federal claims did not divest a federal court of jurisdiction). However, even where subject-matter jurisdiction is retained, the district judge has discretion to remand a complaint to state court where, as in this case, a plaintiff alleges claims "couched purely in terms of state [] law." *Id* at 450*; see also Reinhart v. City of Brevard*, 826 F. Supp. 2d 887 (W.D.N.C. 2011). In addition, although Plaintiff Tomlin indicates a desire to assert federal claims in this action [Entry #20], he originally chose state court as his forum for doing so. Because Plaintiff James asserts only state law causes of action, and the state court has concurrent jurisdiction to hear any federal claims raised by Plaintiff Tomlin, *see Tafflin v. Levitt*, 493 U.S. 455, 458–59 (1990) (holding "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States"); *Felder v. Casey*, 487 U.S. 131, 139 (1988) (finding that state courts possess concurrent jurisdiction over § 1983 litigation), the undersigned recommends that this matter be remanded to state court.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge grant Plaintiff James' motions to remand [Entries #11, #17], and remand this matter to state court. It is further recommended that Plaintiff Tomlin's motions to compel and for extension be terminated as moot. [Entries #19, #22].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 25, 2013                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).