IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Isaiah James, Jr., and George Lee Tomlin, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>South Carolina Department of Corrections, )<br>)<br>Defendant. )<br>_____ ) | C/A No.: 1:13-cv-1936-TLW |

# ORDER

Plaintiffs Isiah James, Jr. and George Lee Tomlin ("Plaintiffs"), two state prisoners proceeding *pro se*, originally filed this action in the Court of Common Pleas for Greenville County, South Carolina. (Doc. #1). The South Carolina Department of Corrections ("Defendant") filed a notice of removal on July 15, 2013, that purports to remove the action. (Doc. #1). Thereafter, Plaintiff James filed two motions to remand the case to state court, asserting that he intended to bring only state causes of action. (Docs. #11, 17, 18). The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on September 25, 2013, by Magistrate Judge Shiva V. Hodges, (Doc. #23), to whom this case was previously assigned. In the Report, the Magistrate Judge recommends remand of both Plaintiffs' cases to state court. (Id.). Plaintiff Tomlin filed objections to the Report on October 7, 2013, (doc. #25), and Defendant filed objections to the Report on October 25, 2013. The Court has reviewed the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which

an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Magistrate Judge analyzed, in significant detail, the issues that were before her. However, Defendant South Carolina Department of Corrections first objected to the remand after the Report was filed. Thus, Defendant's objections were not before the Magistrate Judge. After careful consideration and in light Plaintiff Tomlin's and Defendant's objections to the Report, this Court remands this action to the Magistrate Judge for reconsideration of the issues raised in the objections and for issuance of a report and recommendation if appropriate. It is hereby **ORDERED** that this action is **REMANDED** to the Magistrate Judge for reconsideration in light of the objections to the Report.

    **IT IS SO ORDERED**.

                                                                         ____s/Terry L. Wooten____
                                                                  Chief United States District Judge

January 13, 2014
Columbia, South Carolina