IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Isiah James Jr.; and George Lee Tomlin, | ) | C/A No.: 1:13-1936-TLW-SVH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections, SCDC, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Isiah James Jr. and George Lee Tomlin ("Plaintiffs"), two state prisoners proceeding pro se, originally filed this matter in the Court of Common Pleas for Greenville County, South Carolina. [Entry #1-1]. The South Carolina Department of Corrections ("Defendant") removed the action to this court on July 15, 2013. [Entry #1]. On July 26, 2013 and August 22, 2013, James moved to remand the case to state court [Entry #11, #17]. Defendant did not file a response in opposition to the motions to remand.

The undersigned issued a report and recommendation ("R&R") on this case on September 25, 2013, recommending that this action be remanded to state court. [Entry #23]. After the R&R issued, Tomlin filed an objection, but it did not address federal jurisdiction. [Entry #25]. Defendant filed objections arguing that "The defendant, upon information and belief, neither waived federal court jurisdiction, nor consented to remand in light of Tomlin's continued assertion of some type of federal claims." [Entry #29]. This case returns to the undersigned pursuant to the order filed January 13, 2014, by the

Honorable Terry L. Wooten directing the undersigned to reconsider the issues in light of the objections filed by Tomlin and Defendant after the R&R issued. [Entry #45]. For the reasons that follow, the undersigned again recommends that the court grant the motions to remand to the Court of Common Pleas for Greenville County, South Carolina.

I.     Factual and Procedural Background

Plaintiffs set forth the following numbered causes of action in their complaint:[1] (1) Defendant's allegedly unconstitutional failure to correctly transfer James' earned work credits; (2) Defendant's alleged violation of the ex post facto clause regarding the policy referenced in the first cause of action; (3) injunctive relief related to James' and Tomlin's collection of a state court judgment; (4) declaratory relief related to James' and Tomlin's collection of a state court judgment; (5) Defendant's alleged failure to apply state statutory law to James' work release eligibility; (6) alleged unconstitutional conditions of confinement while James was in lockdown status; (7) wrongful loss of James' good time credit; (8) alleged failure to comply with a request by James pursuant to the South Carolina Freedom of Information Act (SCFOIA); (9) alleged violations of due process based on Defendant's denying James' and Tomlin's physical presence during their respective parole hearings; (10) alleged failure to comply with James' request pursuant to SCFOIA; and (11) alleged failure to comply with another request by James pursuant to SCFOIA. [Entry #1-1].  Liberally construed, of the 11 causes of action, Plaintiffs

---

[1] The only complaint attached to the removal notice is entitled "amended complaint." [Entry #1-1]. The undersigned refers to it herein as "complaint" for ease of reference.

arguably state federal claims in the first, second, sixth, and ninth causes of action. The remaining seven causes of action contain only state law claims.

Defendant removed the case to this court on July 15, 2013. [Entry #1]. On July 26, 2013, James filed a motion to remand this case to state court. [Entry #11]. The motion appeared to indicate that James intended to pursue only state law causes of action in this case. *Id.* Because Tomlin did not also sign the motion to remand, the court issued an order directing both Plaintiffs to indicate whether they intended to raise any federal claims in this case, and whether they desire remand of this case to state court. [Entry #15]. On August 22, 2013, James filed a second motion for remand stating that his causes of action are pursued under the laws and constitution of South Carolina. [Entry #17]. James' answers to the court's interrogatories also indicate that he intends to rely solely on state law in asserting his claims in the present action, and that he desires remand of the case to state court. [Entry #18].[2] Tomlin's answers to the court's special interrogatories indicate that he intends to assert federal claims in this case and does not seek remand of the action to state court. [Entry #20]. Defendant did not file a response opposing either of James' motions to remand the case to state court.

On September 25, 2013, the undersigned issued an R&R recommending the case be remanded because (1) Defendant did not file any opposition to the motions to remand;

---

[2] In James' answer to the special interrogatories, he indicated "No" when asked whether he intended to assert federal claims, but added "Other than what is set forth in the complaint; there is right to appeal claim in other state court associated with action!" [Entry #18]. However, James clarified in his second motion to remand that he did not intend to assert federal claims. [Entry #17 at 2].

3

and (2) although Tomlin indicated in his interrogatories that he wished to assert federal causes of action, he chose to bring his claims in state court when he filed the complaint. [Entry #23].[3] Tomlin objected to the R&R on October 7, 2013, but did not substantively address the court's recommendation to remand. [Entry #25]. On October 25, 2013, Defendant filed objections to the R&R arguing that it had not waived federal jurisdiction, but it failed to include any citation to authority or explanation for its failure to file a response to the motions to remand. [Entry #29].

II.     Discussion

    A.     Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).  There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court.  At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992).  Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).  In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation

---

[3] The R&R did not find that removal was improper, but recommended remand based on the filings of Plaintiffs' filings and on Defendant's failure to oppose the motions.

4

has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

    B.    Analysis

        1.    To the extent it alleges a denial of due process under the Fourteenth Amendment, Plaintiffs' ninth cause of action should be summarily dismissed.

Plaintiffs' ninth cause of action, to the extent it alleges a violation of Plaintiffs' Fourteenth Amendment rights, should be summarily dismissed because: (1) Plaintiffs have already had an opportunity to litigate this issue in federal court, and (2) there is no federal liberty interest in parole hearings. Plaintiffs' ninth cause of action alleges that their state and federal due process rights have been violated by Defendants' failure to allow them to be physically present at their parole hearings. [Entry #1-1 at ¶¶ 13–14]. James has previously litigated in this court his alleged due process deficiencies related to his parole hearings. *See James v. Ozmint*, C/A No. 1:08-2256-TLW-SVH. Tomlin is currently litigating the alleged violation of his constitutional rights for being prohibited from personally appearing before the board during his parole hearings. *See Tomlin v. Cohen*, C/A No. 9:12-3258-MGL. Because the ninth cause of action has previously been and/or is currently being addressed by this court in previously-filed cases, these duplicate claims should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

Even if the court were to ignore Plaintiffs' previously-filed cases, it is clear that prisoners have no constitutional right to parole. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Cooper v. S.C. Dep't of Probation, Parole and Pardon Services*, 661 S.E.2d 106, 110 (S.C. 2008) ("Parole is a privilege, not a right") (citation omitted). As discussed at length in the report and recommendation issued in Tomlin's pending case [C/A No. 9:12-3258-MGL at Entry #30], Plaintiffs' claim regarding their parole hearings does not set forth a violation of their federal constitutional rights. Therefore, to the extent it alleges violations of their federal constitutional rights, Plaintiffs' ninth cause of action should be summarily dismissed.

        2.        Claims that do not form part of the same case or controversy as those in the courts' original jurisdiction must be remanded.

Claims that do not form part of the same case or controversy as those over which the court has original jurisdiction must be remanded. "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A § 1367(a). Therefore, the court must determine whether supplemental jurisdiction exists by evaluating whether Plaintiffs' claims are so related to the claims within the court's original jurisdiction to form part of the same case or controversy. It appears that the first, second, sixth, and ninth causes of action of the complaint contained potential federal claims over which the court had original jurisdiction. [Entry #1-1] However, none of these causes of action appear to form part of the same case or controversy as the third, fourth, fifth, seventh, eighth, tenth, or

6

eleventh causes of action. *Id*. In such a case, the district court is now[4] required to sever from the action all claims that are not within the court's original or supplemental jurisdiction. *See* 28 U.S.C. § 1441(c)(2) ("Upon removal of an action [pursuant to federal question jurisdiction], the district court shall sever from the action all claims [that are not within the district court's original or supplemental jurisdiction] and shall remand the severed claims to the State court from which the action was removed"); *see also*, 16 Moore's Federal Practice § 107.14(6)(a) (3rd ed. 2013) (noting that after the amendments to 28 U.S.C. § 1441, the district court is now required to remand the claims over which it does not have original or supplemental jurisdiction).  Therefore, the undersigned recommends the district judge remand the third, fourth, fifth, seventh, eighth, tenth, and eleventh causes of action, as required under § 1441(c)(2).

> 3.    The only remaining claims relate only to James, who swore to rely solely on state law, and the court should decline to retain supplemental jurisdiction of such claims.

If the district judge accepts the undersigned's recommendation regarding summarily dismissing the federal due process claim in the ninth cause of action and remanding the third, fourth, fifth, seventh, eighth, tenth, and eleventh causes of action, no further federal claims remain in the case.  The remaining claims (first, second, and sixth) involve only James, who has signed a statement under penalty of perjury indicating that he intends to rely solely on state law. [Entry #17, #18].  Therefore, James has clarified that he intended to assert only state claims. It is permissible for a plaintiff to dismiss his

---

[4] The statute authorizing removal of civil actions, 28 U.S.C. § 1441, was revised effective January 6, 2012.

federal claims or amend the complaint to remove federal claims and seek remand. *See* 16 Moore's Federal Practice § 107.14(3)(b)(ii) (3rd ed. 2013). James has made clear that his intention is to pursue only state law claims. Therefore, the court interprets his filings as dismissing any federal claims that could be read as contained in his complaint. In *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004), the Fourth Circuit upheld a district court's order granting a plaintiff's motion to amend the complaint to remove federal issues and to remand the remaining claims to state court. The Fourth Circuit affirmed the district court's finding that the plaintiff acted in good faith because "[w]hile [the plaintiff] clearly wanted to avoid federal jurisdiction, she also had substantive reasons for amending the pleadings." *Harless*, 389 F.3d at 448.

Although the court retains supplemental jurisdiction of state law claims that form part of the same case or controversy as the federal claims, "[a]s a practical matter . . . many district judges will exercise their discretion under the supplemental jurisdiction statute and dismiss the remaining claims." 16 Moore's Federal Practice § 107.14(3)(b)(ii) (3rd ed. 2013); *see also* 28 U.S.C. § 1367(c). Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *United States ex rel. Scott v. Metropolitan Health Corp.*, 375 F.Supp.2d 626, 647 (W.D.Mich. 2005) ("[T]he strong federal custom . . . has

8

been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative."); *see also AJP Group, Inc. v. Holmes*, C/A No. 4:13-611-RBH, 2013 WL 3148416, at *2 (D.S.C. June 18, 2013) ("Given that Plaintiff's Complaint states no federal cause of action, the Court finds that the case should be remanded."); *Morris v. Joe Gibson Automotive, Inc.*, Civ. A. No. 7:08-1739-HMH, 2008 WL 2705000 (D.S.C. July 9, 2008) (granting the plaintiff's motion to amend to remove the sole federal claim, and granting the plaintiff's motion to remand).

Here, the undersigned recommends that the court remand the remaining state claims.  First, after failing to file an opposition to James' motions to remand, Defendant filed an objection to the R&R that did not provide any authority as to why the court should retain federal jurisdiction and failed to identify which of Tomlin's claims provided federal jurisdiction. Therefore, Defendant has not demonstrated that it has a strong interest in having the state law claims heard in federal court. On the other hand, James has filed two motions for remand, demonstrating his strong interest in having his claims heard in state court. Defendant's failure to act or otherwise provide authority for its contention that the court retain jurisdiction should not be rewarded. *See* Local Civil Rule 7.06 (D.S.C.) (". . . If no memorandum in opposition is filed within fourteen (14) days of the date of service, the Court will decide the matter on the record. . . .")

Second, if the district judge accepts any of the recommendations contained herein, and most particularly the application of the revised removal statute, 28 U.S.C. § 1441(c)(2), that compels district courts to sever and remand claims that do not form part of the same case or controversy as those in its original jurisdiction, judicial efficiency

9

weighs strongly in favor of remand of the remaining state claims. If the court were to not remand, James would be forced to litigate claims simultaneously in state and federal courts, despite an absence of federal claims in his federal case. Given that this case is in its infancy, such a result does not promote judicial efficiency or protect federalism concerns. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (citing *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (a district court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated.").

Therefore, for the foregoing reasons, the undersigned recommends the district judge decline to retain jurisdiction over the remaining state law claims.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge: (1) summarily dismiss Plaintiffs' ninth cause of action to the extent it asserts violations of their federal due process rights; (2) remand the third, fourth, fifth, seventh, eighth, tenth, and eleventh causes of action pursuant to 28 U.S.C. § 1441(c)(2), as these claims do not form part of the same case or controversy as the claims in the court's original jurisdiction; and (3) decline to exercise supplemental jurisdiction over the state-law claims that remain in light of James' clarification that he intends to rely solely on state law. If the district judge accepts this recommendation, James' motions to remand [Entry #11, #17] will be granted. All remaining motions shall remain in the record for consideration by the state court.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 30, 2014                                          Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).