IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Isaiah James, Jr., and George Lee Tomlin, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>South Carolina Department of Corrections, )<br>)<br>Defendant. )<br>_____ ) | C/A No.: 1:13-cv-1936-TLW |

# **ORDER**

Plaintiffs Isiah James, Jr. and George Lee Tomlin ("Plaintiffs"), two state prisoners proceeding *pro se*, originally filed this action in the Court of Common Pleas for Greenville County, South Carolina. (Doc. #1). The South Carolina Department of Corrections ("Defendant") filed a notice of removal on July 15, 2013, that purports to remove the action. (Doc. #1). Thereafter, Plaintiff James filed two motions to remand the case to state court, asserting that he intended to bring only state causes of action. (Docs. #11, 17, 18). Magistrate Judge Shiva V. Hodges filed a Report and Recommendation on September 25, 2013, recommending that this action be remanded to state court. (Doc. #23). After the Report and Recommendation issued, Plaintiff Tomlin filed an objection but did not address federal jurisdiction. (Doc. #25). Defendant filed objections arguing that "[t]he defendant, upon information and belief, neither waived federal court jurisdiction, nor consented to remand in light of Tomlin's continued assertion of some type of federal claims." (Doc. #29). In light of the objections to the Report and Recommendation, this Court remanded the action to the Magistrate Judge for reconsideration. (Doc. #45).

The Magistrate Judge filed a second Report and Recommendation ("the Report") on January 30, 2014. In the Report, the Magistrate Judge recommends the District Court (1) summarily dismiss Plaintiffs' ninth cause of action to the extent it asserts violations of their federal due process rights; (2) remand the third, fourth, fifth, seventh, eighth, tenth, and eleventh causes of action pursuant to 28 U.S.C. § 1441(c)(2), and (3) decline to exercise supplemental jurisdiction over the remaining state-law claims in light of James' clarification that he intends to rely solely on state law. Plaintiff James filed a document captioned as objections to the Report on February 28, 2014. However, this objection does not raise any specific issues that impact this Court's accepting the Report. Notably, James has filed motions asking that his case be remanded to state court. He asserts his claims are based only in state law. Neither the Defendant nor Plaintiff Tomlin filed objections to the January 30, 2014 Report.

The Court has reviewed the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review, the Court hereby **ACCEPTS** the Report. (Doc. # 47).

Plaintiff James' document, characterized as an objection, (Doc. #53), is **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Plaintiffs' ninth cause of action is **DISMISSED** to the extent it asserts due process violations. The Plaintiffs' third, fourth, fifth, seventh, eighth, tenth, and eleventh causes of action are **REMANDED** to state court pursuant to 28 U.S.C. § 1441(c)(2). The Court declines to exercise supplemental jurisdiction of the remaining claims, and thus the remaining claims are also **REMANDED** to state court. In light of the Court's ruling, Plaintiff James' July 26, 2013 Motion to Remand, (Doc. #11), and August 22, 2013 Motion to Remand, (Doc. #17), are **GRANTED**. Plaintiff Tomlin's Motion to Compel and Motion for Extension of Time, (Docs. #19, 22), Defendant's Motion for Summary Judgment (Doc. #32), and Plaintiff James' Motion for Extension of Time, Motion to Appoint Counsel, and Motion for Recusal (Doc. #38), are terminated as moot in light of the Court's ruling.

    **IT IS SO ORDERED**.

                                                  ____s/Terry L. Wooten____
                                                  Chief United States District Judge

March 18, 2014
Columbia, South Carolina